1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID VERA SANDOVAL,                    )   Case No.: 1:14-cv-02038-BAM (PC)
                                             )
12                   Plaintiff,              )   ORDER DISMISSING ACTION FOR FAILURE
                                             )   TO STATE A CLAIM
13          v.                               )   (ECF No. 1)
                                             )
14   CALIFORNIA DEPARTMENT OF                )
     CORRECTIONS AND REHABILITATION,         )
15                                           )
                                             )
16                   Defendant.              )
                                             )
17   _____)

18       **I.      Screening Requirement and Standard**

19          Plaintiff David Vera Sandoval ("Plaintiff") is a state prisoner proceeding pro se and in forma

20   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on

21   December 22, 2014, is currently before the Court for screening.

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

24   1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

25   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

26   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

27   1915(e)(2)(B)(ii).

28

                                                    1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. Plaintiff alleges as follows:

> In 2009 I plead guilty to involuntary [vehicular] manslaughter and received a 6 year prison term. Upon reception I was given a release date of or around 10-16-2013 for the fact that the Department of Correction of California failed to calculate my previous earned credits of 805 days. I was held in custody for 1 year and 2 months past my original release date of or around 02-26-2012 Iligally [sic].

(ECF No. 1, p. 3.) Plaintiff requests monetary damages for false imprisonment, lost wages and pain and suffering.

## III.     Discussion

### A.  Eleventh Amendment Immunity

Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as the sole defendant in this action. The Eleventh Amendment "'erects a general bar against federal lawsuits

1   brought against the state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting

2   Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)).  CDCR, as a state agency, has absolute immunity

3   from suit and it is dismissed from this action, with prejudice.  E.g., Pennhurst State School & Hosp. v.

4   Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners,

5   678 F.3d 737, 740 n.1 (9th Cir. 2012).

6       **B.  False Imprisonment Claim**

7       Plaintiff alleges that he was held past his release date.  However, state prisoners cannot

8   challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies

9   in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred

10  to as the favorable termination rule, this exception to section 1983's otherwise broad scope applies

11  whenever state prisoners "seek to invalidate the duration of their confinement - either *directly* through

12  an injunction compelling speedier release or *indirectly* through a judicial determination that

13  necessarily implies the unlawfulness of the State's custody."  Wilkinson, 544 U.S. at 81.  Thus, "a

14  state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought

15  (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

16  conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the

17  invalidity of confinement or its duration."  Id. at 81-2.

18      As Plaintiff is complaining about the duration of his confinement, his section 1983 claim is

19  barred until such time as he obtains invalidation of his sentence.  There is no indication from

20  Plaintiff's complaint that he has obtained prior invalidation.  Therefore, Plaintiff's claim is dismissed,

21  without prejudice.  Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless

22  favorable termination of the conviction or sentence occurs, no cause of action under section 1983

23  exists).

24      **IV.    Conclusion and Order**

25      Plaintiff's complaint fails to state any claims upon which relief may be granted under section

26  1983.  The deficiencies at issue are not curable through amendment.  Akhtar v. Mesa, 698 F.3d 1202,

27  1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

28

1    Accordingly, Plaintiff's complaint is HEREBY DISMISSED without prejudice for failure to

2    state a cognizable section 1983 claim.

3

4    IT IS SO ORDERED.

5    Dated:   __**January 12, 2015**__              /s/ *Barbara A. McAuliffe*

6                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28